FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

2008 JUL -9 P 1: 13

CLERK US DISTRICT COURT
ALEXANDRIA, VIRGINIA

| | |
|---|---|
| SPH AMERICA, LLC,<br>a Virginia company,<br><br>Plaintiff,<br><br>v.<br><br>HIGH TECH COMPUTER CORPORATION,<br>a Taiwanese company,<br><br>HTC AMERICA, INC.,<br>a Texas company,<br><br>KYOCERA CORPORATION,<br>a Japanese company,<br><br>KYOCERA WIRELESS CORPORATION,<br>a Delaware company,<br><br>KYOCERA SANYO TELECOM, INC.,<br>a Delaware company,<br><br>SONY ERICSSON MOBILE<br>COMMUNICATIONS AB,<br>a Swedish company,<br><br>and<br><br>SONY ERICSSON MOBILE<br>COMMUNICATIONS (USA), INC.,<br>a Delaware company,<br><br>Defendants. | Civil Action No. 1:08 cv 702<br>GBL/JFA |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff SPH America, LLC ("SPH America") brings this action for patent infringement against High Tech Computer Corporation ("HTC"), HTC America, Inc. ("HTC America"), Kyocera Corporation ("Kyocera"), Kyocera Wireless Corporation

- 1 -

("Kyocera Wireless"), Kyocera Sanyo Telecom, Inc. ("Kyocera Sanyo"), Sony Ericsson Mobile Communications AB ("Sony Ericsson"), and Sony Ericsson Mobile Communications (USA), Inc., ("Sony Ericsson USA") (individually and/or collectively, "Defendants"), alleging as follows:

## THE PARTIES

1. Plaintiff SPH America is a Virginia limited liability company, and has a regular and established place of business at 11289 Stones Throw Drive, Reston, Virginia. SPH America is the exclusive licensee having all substantial rights to a portfolio of patents related to wireless communications, including United States Patent Nos. RE 40,385, 5,960,029, and RE 40,253 (collectively, the "patents in suit"), which are owned as a matter of record by the Electronics and Telecommunications Research Institute ("ETRI"), a South Korean non-profit research organization located at 1599-11 Seocho-Dong, 6th Floor, Seocho-Gu, Seoul, 137-876, Korea.

2. On information and belief, High Tech Computer Corporation is a Taiwanese corporation, with its principal place of business at 23 Hsin Hua Rd., Taoyuan 330, Taiwan, R.O.C. HTC America, Incorporated, upon information and belief, is a company related to HTC, and is incorporated under the laws of Texas, with its principal place of business at 13920 SE Eastgate Way, Suite 400, Bellevue, Washington 98005. HTC and HTC America will be referred to herein individually and jointly as the "HTC Defendants." Upon information and belief, the HTC Defendants design, manufacture, use, sell, import, and/or distribute wireless communications products accused of infringement herein.

3. On information and belief, Kyocera Corporation is a Japanese corporation, with its principal place of business at 6 Takeda Tobadono-cho, Fushimi-ku, Kyoto 612-

8501, Japan. Kyocera Wireless Corporation, upon information and belief, is a wholly owned subsidiary of Kyocera Corporation, and is incorporated under the laws of Delaware, with its principal place of business at 10300 Campus Point Dr., San Diego, CA 92121. Kyocera Sanyo Telecom, Inc., upon information and belief, is a wholly owned subsidiary of Kyocera Corporation, and is incorporated under the laws of Delaware, with its principal place of business at 2055 Sanyo Avenue, San Diego, CA 92154. Kyocera, Kyocera Wireless, and Kyocera Sanyo Telecom will be referred to herein individually and collectively as the "Kyocera Defendants." Upon information and belief, the Kyocera Defendants design, manufacture, use, sell, import, and/or distribute wireless communications products accused of infringement herein.

4. On information and belief, Sony Ericsson is a Swedish corporation, with its principal place of business at Sony Ericsson House, 202 Hammersmith Rd., W6 7DN London, United Kingdom. Sony Ericsson Mobile Communications (USA), Inc., upon information and belief, is a wholly owned subsidiary of Sony Ericsson Mobile Communications, and is incorporated under the laws of Delaware, with its primary place of business at 7001 Development Drive, Research Triangle Park, NC 27709. Sony Ericsson and Sony Ericsson USA will be referred to herein individually and collectively as the "Sony Ericsson Defendants." Upon information and belief, the Sony Ericsson Defendants design, manufacture, use, sell, import, and/or distribute wireless communications products accused of infringement herein.

## JURISDICTION AND VENUE

5. This lawsuit is an action for patent infringement arising under the patent laws of the United States, including 35 U.S.C. § 271. This Court has subject matter

jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the patent laws of the United States, including 35 U.S.C. § 271 et seq..

6. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b), (c) and 1400(b).

7. This Court has personal jurisdiction over the HTC Defendants, and venue is proper in this District, because the HTC Defendants do business in Virginia and in this District, and infringement has occurred and continues to occur in Virginia and in this District. In addition, the Court has personal jurisdiction over the HTC Defendants because each has established minimum contacts with the forum and the exercise of jurisdiction over them would not offend traditional notions of fair play and substantial justice. On information and belief, the HTC Defendants knowingly and intentionally participate in a stream of commerce into the United States including sales of the accused products. By way of example, the accused products include those ultimately sold and/or offered for sale within this judicial district under various brand names including the Verizon XV6700, XV6800, XV6900, and SMT5800 wireless communications devices. In accordance with established distribution channels for the accused products, the HTC Defendants reasonably anticipated that the accused products would end up in this district and be sold herein.

8. This Court has personal jurisdiction over the Kyocera Defendants, and venue is proper in this District, because the Kyocera Defendants do business in Virginia, and in this District, and infringement has occurred and continues to occur in Virginia and in this District. In addition, the Court has personal jurisdiction over the Kyocera Defendants because each has established minimum contacts with the forum and the exercise of jurisdiction over them would not offend traditional notions of fair play and

substantial justice. On information and belief, the Kyocera Defendants knowingly and intentionally participate in a stream of commerce into the United States including sales of the accused products. By way of example, the accused products include those ultimately sold and/or offered for sale within this judicial district under various brand names including the K320, K325, M1000 wireless communications devices. In accordance with established distribution channels for the accused products, the Kyocera Defendants reasonably anticipated that the accused products would end up in this district and be sold herein.

9. This Court has personal jurisdiction over the Sony Ericsson Defendants, and venue is proper in this District, because the Sony Ericsson Defendants do business in Virginia, and in this District, and infringement has occurred and continues to occur in Virginia and in this District. In addition, the Court has personal jurisdiction over the Sony Ericsson Defendants because they have established minimum contacts with the forum and the exercise of jurisdiction over them would not offend traditional notions of fair play and substantial justice. On information and belief, the Sony Ericsson Defendants knowingly and intentionally participate in a stream of commerce into the United States including sales of the accused products. By way of example, the accused products include those ultimately sold and/or offered for sale within this judicial district under various brand names including the Z750a wireless communications device. In accordance with established distribution channels for the accused products, the Sony Ericsson Defendants reasonably anticipated that the accused products would end up in this district and be sold herein.

## FACTUAL BACKGROUND

10. The Electronics and Telecommunications Research Institute ("ETRI") was established in 1976 and is located in Korea. ETRI is a non-profit government-funded research organization that has been at the forefront of technological excellence for more than 25 years. ETRI employs over 1,600 scientists and researchers dedicated to the research and development of cutting-edge technologies having applications in a variety of different industries. In particular, ETRI is world-renown for its research and development in the fields of information and telecommunications. ETRI has become synonymous with the rise of Korea as one of the world's technology leaders and has become globally recognized for its landmark achievements in communications technology including, for example, developments in a communications technology referred to as Code Division Multiple Access or CDMA.

11. ETRI's extensive research and development efforts have led to the award of over 15,000 patents worldwide. ETRI's extensive patent portfolio includes the three patents in suit.

12. The first patent, U.S. Patent No. RE 40,385, is entitled "ORTHOGONAL COMPLEX SPREADING METHOD FOR MULTICHANNEL AND APPARATUS THEREOF" (hereinafter "the '385 patent"). The '385 patent generally teaches and claims apparatus and methods for digital signal transmission which improve signal performance through, among other things, improved signal spreading. The '385 patent was duly and legally issued by the United States Patent and Trademark Office on June 17, 2008.

13. The second patent, U.S. Patent No. 5,960,029, is entitled "COHERENT DUAL-CHANNEL QPSK MODULATOR/DEMODULATOR FOR CDMA SYSTEMS,

- 6 -

AND MODULATING/DEMODULATING METHODS THEREFOR" (hereinafter "the '029 patent"). The '029 generally teaches and claims devices and methods for digital signal transmission which improve signal performance through, among other things, the removal of crosstalk interference between channels. The '029 patent was duly and legally issued by the United States Patent and Trademark Office on September 28, 1999.

14. The third patent, U.S. Patent No. RE 40,253, is entitled "APPARATUS FOR MAKING A RANDOM ACCESS TO THE REVERSE COMMON CHANNEL OF A BASE STATION IN CDMA AND METHOD THEREFOR" (hereinafter "the '253 patent"). The '253 patent generally teaches and claims an apparatus for making a plurality of terminals having a random access to the reverse common channel system in CDMA. The '253 patent was duly and legally issued by the United States Patent and Trademark Office on April 22, 2008.

15. ETRI's innovative achievements are based on significant investments in labor and capital; indeed, ETRI spends hundreds of millions of dollars annually to support its research and development operations.

16. ETRI has granted SPH America an exclusive license to certain patents, including the patents in suit. The exclusive license includes all substantial rights to the patents in suit including the exclusive right to make, use, or sell the patented technology, and the exclusive right to sue for past, current, and future infringements of those patents. ETRI has retained no substantial rights in the patents in suit.

17. HTC is a well known producer and supplier of mobile communication devices. HTC is one of the fastest-growing companies in the mobile communications sector earning billions of dollars in revenue each year. HTC America sells mobile communication devices in the United States, including: devices sold through Verizon

with product designations XV6700, XV6800, XV6900, and SMT5800; devices sold through Sprint with product designations PPC-6700, PPC-6800, and PPC-6900; and devices sold through AT&T with product designations 8285 and 8925.

18. Kyocera is also a well known producer and supplier of mobile communication devices, including the Kyocera K320, K325, M1000 wireless communication devices and the Sanyo Katana II, Katana LX, Katana DLX, S1, SCP-3200, and SCP-7050 wireless communications devices and, like HTC, earns substantial revenue each year selling such products in the United States.

19. Sony Ericsson is also a well known producer and supplier of mobile communication devices, including the Sony Ericsson Z750a wireless communication device and, like HTC and Kyocera, earns substantial revenue each year selling such products in the United States.

20. The Defendants have infringed and continue to infringe, in this District and elsewhere, on SPH America's rights in the patents in suit including through the sale and distribution of the aforementioned wireless communications devices.

## COUNT I
### (INFRINGEMENT OF THE '385 patent)

21. SPH America realleges and incorporates herein by reference the allegations in paragraphs 1-20 above.

22. By virtue of its exclusive license to the '385 patent, SPH America has acquired and continues to maintain all substantial rights to the '385 patent including the right to sue and to recover for infringement.

23. The Defendants are directly infringing, contributing to the infringement of, or inducing others to infringe the '385 patent by, for example, making, using, offering

to sell, or selling the accused products and processes within, or importing the accused products into, the United States, or inducing others to make, use, offer to sell, or sell the accused products or processes within, or import the accused products into, the United States.

24. As a result of the Defendants' unlawful infringement of the '385 patent, SPH America has suffered and will continue to suffer damage. SPH America is entitled to recover damages adequate to compensate for that infringement.

25. The Defendants acts of infringement herein have been made with full knowledge of SPH's rights in the '385 patent. Such acts constitute willful and deliberate infringement, entitling SPH America to enhanced damages and reasonable attorney fees.

26. The Defendants' acts of infringement have caused and will continue to cause irreparable injury to SPH unless and until enjoined by this Court.

## COUNT II

### (INFRINGEMENT OF THE '029 Patent)

27. SPH America realleges and incorporates herein by reference the allegations in paragraphs 1-26 above.

28. By virtue of its exclusive license to the '029 patent, SPH America has acquired and continues to maintain all substantial rights to the '029 patent including the right to sue and to recover for infringement.

29. The Defendants are directly infringing, contributing to the infringement of, or inducing others to infringe the '029 patent by, for example, making, using, offering to sell, or selling the accused products and processes within, or importing the accused products into, the United States, or inducing others to make, use, offer to sell, or sell the

accused products or processes within, or import the accused products into, the United States.

30. As a result of the Defendants' unlawful infringement of the '029 patent, SPH America has suffered and will continue to suffer damage. SPH America is entitled to recover damages adequate to compensate for that infringement.

31. The Defendants' acts of infringement herein have been made with full knowledge of SPH's rights in the '029 patent. Such acts constitute willful and deliberate infringement, entitling SPH America to enhanced damages and reasonable attorney fees.

32. The Defendants' acts of infringement have caused and will continue to cause irreparable injury to SPH unless and until enjoined by this Court.

## COUNT III

### (INFRINGEMENT OF THE '253 patent)

33. SPH America realleges and incorporates herein by reference the allegations in paragraphs 1-32 above.

34. By virtue of its exclusive license to the '253 patent, SPH America has acquired and continues to maintain all substantial rights to the '253 patent including the right to sue and to recover for infringement.

35. The Defendants are directly infringing, contributing to the infringement of, or inducing others to infringe the '253 patent by, for example, making, using, offering to sell, or selling the accused products and processes within, or importing the accused products into, the United States, or inducing others to make, use, offer to sell, or sell the accused products or processes within, or import the accused products into, the United States.

36. As a result of the Defendants' unlawful infringement of the '253 patent, SPH America has suffered and will continue to suffer damage. SPH America is entitled to recover damages adequate to compensate for that infringement.

37. The Defendants' acts of infringement herein have been made with full knowledge of SPH's rights in the '253 patent. Such acts constitute willful and deliberate infringement, entitling SPH America to enhanced damages and reasonable attorney fees.

38. The Defendants' acts of infringement have caused and will continue to cause irreparable injury to SPH America unless and until enjoined by this Court.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff SPH America prays that this Court enter judgment:

(1) That Defendants have infringed United States Patent Nos. RE 40,385, 5,960,029, and/or RE 40,253;

(2) That Defendants' infringement is willful;

(3) That this is an exceptional case;

(4) Permanently enjoining and restraining Defendants and their agents, servants, employees, affiliates, divisions, branches, subsidiaries, parents, and all others acting in concert or participating with them from directly or indirectly infringing United States Patent Nos. RE 40,385, 5,960,029, and/or RE 40,253;

(5) Awarding to SPH America actual damages, not less than a reasonable royalty, for Defendants' infringement including costs and pre- and post-judgment interest as allowed by law;

(6) Awarding treble the amount of losses and damages because of the willful, knowing and wanton nature of Defendants' conduct;

(7) Awarding all costs of this action, including Plaintiff's reasonable attorney's fees and interest; and

(8) Granting Plaintiff such other and further relief as the Court may deem just and equitable.

## JURY DEMAND

Plaintiff demands a trial by jury of all issues triable as of right by a jury in this action.

Dated: July 9, 2008

Respectfully submitted,

FISH & RICHARDSON P.C.

Brian R. Nester
Ahmed J. Davis (Va. Bar # 43982)
Ralph A. Phillips
Greg Gonsalves (Va. Bar # 41483)
1425 K Street, N.W.
Washington, D.C. 20005
Telephone: (202) 783-5070
Facsimile: (202) 783-2331

Attorneys for Plaintiff
SPH America, LLC